IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 09-cv-02252-REB-KMT

ISSAM BENJAAFAR MARRAKCHI,

    Plaintiff,

v.

JANET NAPOLITANO, Secretary , U.S. Department of Homeland Security,
ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services, and
ROBERT MATHER, District Director, Denver Field Office, U.S. Citizenship and
Immigration Services,

    Defendants.

---

**ORDER GRANTING MOTION TO DISMISS**

---

**Blackburn, J**

This matter is before me on the defendants' **Motion To Dismiss** [#13][1] filed December 10, 2009. The plaintiff filed a response [#18], and the defendants filed a reply [#19]. I grant the motion.

### I. STANDARD OF REVIEW

The defendants argue that this court does not have subject matter jurisdiction over this case. Thus, they seek dismissal under FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, thus, may only adjudicate claims that the Constitution or Congress have given them authority to hear and determine. ***Morris v. City of Hobart***, 39 F.3d 1105, 1110 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1960 (1995); ***Fritz***, 223 F.Supp.2d at 1199 (D. Colo. 2002). A motion to dismiss under Rule 12(b)(1) may consist

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

of either a facial or a factual attack on the complaint.  **Holt v. United States**, 46 F.3d 1000, 1002 (10th Cir. 1995).  A facial attack challenges the sufficiency of the complaint's allegations of subject matter jurisdiction.  *Id*.  In reviewing such a motion, the court must accept the allegations of the complaint as true.  *Id*.

In contrast, when a party goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, the court may not presume the truth of the allegations of the complaint.  **Sizova v. National Institute of Standards & Technology**, 282 F.3d 1320, 1324 (10th Cir. 2002); **Holt**, 46 F.3d at 1003.  "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  **Holt**, 46 F.3d at 1003.  The consideration of such materials generally does not convert the motion into one for summary judgment, except "where the jurisdictional question is intertwined with the merits of the case," that is, "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case."  **Sizova**, 282 F.3d at 1324 (quoting **Wheeler v. Hurdman**, 825 F.2d 257, 259 (10th Cir.), **cert. denied**, 108 S.Ct. 503 (1987); internal quotation marks omitted); **see also Holt**, 46 F.3d at 1003.  Stated differently, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."  **Pringle v. United States**, 208 F.3d 1220, 1223 (10th Cir. 2000).

In this case, the defendants present a factual attack.  The allegations in the complaint are not inconsistent with the additional facts cited by the defendants, but the defendants present evidence of facts in addition to the facts alleged in the complaint.  The plaintiff does not dispute the facts cited by the defendants.  Rather, the plaintiff argues that, given the facts cited by the defendant and the nature of the plaintiff's claims in this

2

case, this court has subject matter jurisdiction over this case. I disagree.

## II. FACTS

In their motion to dismiss, the defendants detail the facts of the plaintiff's involvement with immigration officials in the United States over a period of many years, and they include documentation of many of the events described. The plaintiff does not raise any dispute concerning the defendants' description of the relevant facts. Thus, I will not repeat all of those details here.

The key facts are as follows. The plaintiff, Issam Marrakchi, is a citizen of Morocco. On March 18, 1998, an immigration judge ordered Marrakchi removed from the United States. After several other proceedings, the plaintiff moved on November 13, 2003, to reopen and remand his removal proceedings so he could pursue relief in the form of voluntary departure, and to stay his removal. Marrakchi represented in his motion that he had the means to depart the United States. He disclosed that he was facing criminal charges at the time, but stated that he expected the charges to be dismissed. He did not disclose that he had surrendered his passport in the criminal matter or that he had agreed to remain in the United States. On March 17, 2004, the Board of Immigration Appeals (BIA) found that Marrakchi was eligible for voluntary departure and granted his motion to reopen. The BIA gave Marrakchi 30 days to depart the United States, which period expired on April 17, 2004. Marrakchi did not depart the United States. The BIA's order provided, *inter alia*, that if Marrakchi fails to depart, then he "shall be removed as provided in the Immigration Judge's order." *Complaint*, Exhibit 3. The order provided also that if Marrakchi fails to depart, then he "shall be ineligible for a period of 10 years for any further relief" under various specified sections of the Immigration and Nationality Act. *Id.*

On November 1, 2006, Marrakchi filed an application for adjustment of status,

based on his marriage to a U.S. citizen. On February 6, 2009, the U.S. Citizenship and Immigration Service denied the plaintiff's application for adjustment of status. The Citizenship and Immigration Service denied the application because (1) Marrakchi was legally ineligible for adjustment of status because he failed to depart the United States on the terms of his voluntary departure agreement, citing § 240B(d) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1229c(d); and (2) Marrakchi was determined not to "warrant the favorable discretion required under section 245(a) of the [Immigration and Nationality Act]." *Complaint*, Exhibit 6, p. 2.

In his complaint, Marrakchi asserts that he was unable to depart the United States under the terms of his voluntary departure agreement because he was subject to a bail order in the criminal case that was pending against him at the time. Based on this circumstance, he contends that he did not voluntarily fail to comply with his voluntary departure agreement. The Citizenship and Immigration Service rejected this contention in its February 6, 2009, order. *Complaint*, Exhibit 6, p.2. Marrakchi seeks a determination that the Citizenship and Immigration Service's determination be set aside and a new adjudication of the application for adjustment of status be ordered.

### III. ANALYSIS

The defendants argue that this court lacks subject matter jurisdiction over Marrakchi's claims under 8 U.S.C.A. § 1252(a)(2)(B)(i), which provides, in relevant part:

(B) Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

4

>(i) any judgment regarding the granting of relief under section . . . 1255 of this title . . . .

Adjustment of status, as requested by Marrakchi, falls under section 1255.

Marrakchi argues that this section is not applicable to his case because the denial of his application for adjustment of status was not a denial of discretionary relief. He contends that the denial was not discretionary because it was based on a statutory bar to such relief. As discussed above, the Citizenship and Immigration Service concluded that Marrakchi was legally ineligible for adjustment of status because he failed to depart the United States on the terms of his voluntary departure agreement, citing § 240B(d) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1229c(d). Assuming this first basis for denial does not involve an exercise of discretion, the second basis for denial cited by the Citizenship and Immigration Service does involve an exercise of discretion. Marrakchi was determined not to "warrant the favorable discretion required under section 245(a) of the [Immigration and Nationality Act]." *Complaint*, Exhibit 6, p. 2. This exercise of discretion triggers the application of § 1252(a)(2)(B)(i). **Hassan v. Chertoff** 543 F.3d 564, 566 (9th Cir. 2008), **amended by Hassan v. Chertoff**, 593 F.3d 785, 787 (9th Cir. 2010). Because § 1252(a)(2)(B)(I) is applicable, this court does not have jurisdiction over the plaintiff's claims.

The Defendants argue also that this court lacks subject matter jurisdiction over Marrakchi's claims under the Real ID Act of 2005, Pub L. No. 1099-13, Div. B, 119 Stat. 302) (codified in various sections of Title 8, U.S.C.), which provides, in relevant part:

>Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial

5

>review of an order of removal entered or issued under any
>provision of this chapter, except as provided in subsection
>(e) of this section.

8 U.S.C. § 1252(a)(5). "Thus, this section makes a petition for review to an appellate court the sole means of review of an order of removal issued under the INA, and specifically excludes review under the habeas statutes." **Hem v. Maurer**, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006).

Marrakchi argues that he is not seeking judicial review of his order of removal and, therefore, § 1252(a)(5) does not apply to this case. Marrakchi asked the Citizenship and Immigration Service, and now this court, to review his order of removal by making a determination that the order of removal is ineffectual because Marrakchi did not voluntarily fail to comply with his voluntary departure agreement. Marrakchi's failure to depart under the terms of his voluntary departure agreement resulted in the automatic reinstatement of the order of removal. If Marrakchi had that determination in hand, then he might prove eligible for an adjustment of status. Needless to say, the relief Marrakchi seeks in his complaint implicates directly his order of removal because he seeks judicial review of the validity of that order. Section 1242(a)(5) is applicable to this case, and under that section this court does not have subject matter jurisdiction over Marrakchi's claims.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendants' **Motion To Dismiss** [#13] filed December 10, 2009, is **GRANTED**;

2. That under FED. R. CIV. P. 12(b)(1), this case is **DISMISSED** for lack of subject matter jurisdiction;

3. That all other pending motions, including those docketed as [#21] and [#22], are **DENIED** as moot;

4. That **JUDGMENT SHALL ENTER** in favor of the defendants, Janet Napolitano, Secretary , U.S. Department of Homeland Security, Alejandro Mayorkas, Director, U.S. Citizenship and Immigration Services, and Robert Mather, District Director, Denver Field Office, U.S. Citizenship and Immigration Services, and against the plaintiff, Issam Benjaafar Marrakchi; and

5. That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 21, 2010, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge